UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLA JO NEWCOMB-TAYSOM,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>BRIAN BLAD *et al.*,<br><br>　　　　　　　Defendants. | Case No. 4:12-cv-00298-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　Plaintiff Nicola Jo Newcomb-Taysom filed an Application for Leave to Proceed in forma pauperis (Dkt. 1) on June 13, 2012. Plaintiff's Complaint (Dkt. 2) was conditionally filed on the same day pending the determination of her in forma pauperis status. The case was reassigned to the undersigned on June 26, 2012. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**1.　　Review of Plaintiff's In Forma Pauperis Application**

　　　Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets she possesses and that she is unable to pay the fee required. *Id*. An affidavit is sufficient if it states the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide herself and

dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

Here, Plaintiff filled out the application and submitted what appears to be a ledger of her day by day income and expenses for approximately a month. It is somewhat difficult to comprehend the ledger, but it seems to suggest that Plaintiff lives below the poverty level. However, although Plaintiff has submitted material in this regard, the Plaintiff's in forma pauperis application is moot in light of the Court's ruling below.

2.   **Review of Plaintiff's Complaint**

   A.   **Background**

Plaintiff has brought suit against 21 defendants, most of whom hold various political offices at the state and federal level. These defendants range from the Mayor of Pocatello to President Barack Obama. At least one defendant, Senator "Larry Crapo," does not exist. Likely, Plaintiff meant either former U.S. Senator Larry Craig or current U.S. Senator Mike Crapo.

The unlawful activity Plaintiff alleges is as vast as it is incomprehensible. The Complaint itself mostly charges various defendants with treason for "alliances" they have formed with China and Russia, though she also alleges that Dave Hunt, the City of Pocatello's Transit Manager, "misuse[d] public funds." *Pl's Cover Sheet* at 10, Dkt. 2-1. However, Plaintiff has also submitted letters alleging other sweeping constitutional

violations.  These derive from a myriad of sources, including everything and anything from state-sanctioned witchcraft to open-container alcohol sales.  *See Compl.* at 1, Dkt. 2; *Letter from Niki Taysom* at 1-2, Dkt. 8.  These charges are linked, with no particular explanation, to the First, Fourth, and Fifth Amendments, as well as to Art. I § 10 of the Constitution.  Other highlights of Plaintiff's filings include a discussion integrating First Amendment jurisprudence with the healing power of Christ's "divine Priesthood Authority" and a description of the ambitions of Secretary of State Hilary Clinton to become the Antichrist.  *Letter from Niki Taysom* at 3, Dkt. 9; *Letter from Niki Taysom* at 1-2, Dkt. 8. Claiming her concerns were ignored at a city council meeting in Pocatello, Plaintiff now seeks relief for what she calls her constitutional claims in this Court.

### B.    Legal Standard and Discussion

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the complaint.  28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Ninth Circuit defines a claim as frivolous if "it is of little weight or importance: having no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted); *see Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that sua sponte dismissal is appropriate for "clearly baseless" or "delusional" claims).

Because Plaintiff is proceeding pro se, the complaint must be liberally construed and she must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, then Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Gray*, 353 F.3d 750, 758 (9th Cir. 2003). However, as noted by the Supreme Court in *Ashcroft v. Iqbal*, "[a] pleading that offer labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).[1] The pleading standard in Fed. R. Civ. P. 8 requires more than "'naked assertion[s]' devoid of 'further factual enhancements.'" *Id*. (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint should be dismissed under Federal Rule of Civil Procedure 8 if the factual allegations are not "plausible," but merely "conceivable." *Id*. at 1951. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant acted in a manner that would render him liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility standard is not akin to a "probability requirement," but it asks more than a sheer possibility that a defendant has acted unlawfully. *Id*.

---

[1] Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions.

In this case, Plaintiff has filed a clearly baseless claim that has no basis in law or fact. The attempt of a private citizen to lump the President of the United States and the Mayor of Pocatello (along with a non-existent Senator) together in her own do-it-yourself treason prosecution can be dismissed without further discussion. Even the most tenuously rational of Plaintiff's claims—that the City of Pocatello's Transit Manager somehow "misuse[d] public funds"—is nothing beyond a mere accusation that falls short of the generous pleading standards of the Federal Rules of Civil Procedure. Far from providing a basis for the disparate sampling of constitutional violations she alleges, Plaintiff's extended descriptions of witchcraft and bizarre theological tangents strongly confirm that her Complaint warrants dismissal. Accordingly, because it appears that giving Plaintiff an opportunity to amend her Complaint would be futile,[1] the Court shall dismiss the Complaint as frivolous and for failure to state a claim upon which relief can be granted.

## ORDER

IT IS ORDERED:

1. Plaintiff's Application for Leave to Proceed in forma pauperis (Dkt. 1) is **DENIED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** with prejudice in its entirety.

---

[1] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).



DATED: July 25, 2012

B. Lynn Winmill
Chief Judge
United States District Court